UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN S. WATTS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:26-CV-121-PPS-AZ |
| JACKSON, and LIAW, | |
| Defendants. | |

OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, filed a confusing complaint. ECF 1. It is clear he is concerned with his healthcare, but it is not clear what claims he is raising. He says he was approved for hernia surgery after he was stabbed. It appears this happened in 2024 and that Dr. Jackson approved the surgery. Watts says he thought he might have a problem with his appendix. It is unclear if he ever had surgery. He mentions Dr. Liaw, but it is unclear how he was involved. He mentions two prior cases he filed in this court, 3:25-cv-467 and 3:25-cv-920, but it is unclear how they are related to this case or why he mentions them. He says he can feel a sharp bone under his right eye and that his skin sags as if he had a stroke. It is unclear if or how this is related to his hernia surgery.

It is clear Watts believes the defendants violated his rights, but I do not understand why because he has not fully explained what happened and how the defendants were involved. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Watts believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

2

For these reasons, the court:

(1) GRANTS Ryan S. Watts until **March 9, 2026**, to file an amended complaint; and

(2) CAUTIONS Ryan S. Watts if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: February 3, 2026.

                                       /s/   Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT