UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN S. WATTS,

       Plaintiff,

       v.                          CAUSE NO. 3:26-CV-121-PPS-AZ

JACKSON and LIAW,

       Defendants.

OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, filed an amended complaint on February 3, 2026, after the court found his original complaint was confusing. *See* ECF 4. In reviewing the amended complaint, I am cognizant that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his original complaint, Watts alleged that Dr. Jackson approved hernia surgery for him after he was stabbed. *See* ECF 1. That complaint also mentioned Dr. Liaw, but my screening order noted it was unclear how Dr. Liaw was involved. ECF 4. In the amended complaint, Watts now clarifies that the claims against Dr. Liaw stem from injuries to Watts' jaw around October 24, 2025, and those injuries arose several months

*after* the hernia issue with Dr. Jackson (which he claims was received during an assault on August 24, 2025). The claims against Dr. Liaw are therefore unrelated and "unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The claims against Dr. Liaw will be dismissed without prejudice so Watts can pursue them in a separate lawsuit if he decides to file another case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (finding district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). This case will proceed with the claims against Dr. Jackson because those were the ones that were more clearly described in the original complaint. *See id.* (holding when a plaintiff files a complaint with unrelated or mis-joined claims, the court can "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21.").

Watts alleges that on August 24, 2025, he sustained injuries from an inmate assault, which required him to have hernia surgery. ECF 6 at 3. He states Dr. Jackson approved his surgery on or about September 21, 2025, and told him the surgery would be performed by an outside doctor three to six weeks later. *Id*. However, Watts asserts that more than five months have passed, he has not yet had surgery, he continues to have hernia pain, and has not been given pain medication. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional

judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

With respect to his hernia surgery, Watts asserts Dr. Jackson told him that he would have his surgery with an outside doctor within a certain period of time. While Watts says he still has not had his hernia surgery, he does not allege Dr. Jackson is responsible for the delay in the surgery. Other than arranging for Watts' hernia surgery, it is unclear how Dr. Jackson's actions amount to deliberate indifference. With respect to his ongoing pain, the complaint does not provide facts showing what Dr. Jackson knew, how he responded, or why his decisions were a substantial departure from accepted professional judgment.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In an abundance of caution, I will grant Watts an opportunity to file a second amended complaint containing additional factual details showing how Dr. Jackson was deliberately indifferent to his hernia problems. *See Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). To do so, he must write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He must write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should not write about other events and conditions at the prison which are not directly related to this hernia claim against Dr. Jackson.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the claims against Dr. Liaw related to his jaw which arose around October 24, 2025;

(2) GRANTS Ryan S. Watts until **June 18, 2026**, to file a second amended complaint explaining his hernia-related claims against Dr. Jackson; and

4

(3) CAUTIONS Ryan S. Watts that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

ENTERED: May 21, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT